# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HORTON, | ) 1:09-cv-01364 OWW GSA |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (Doc. 1) |
| SERVICE EMPLOYEES INTERNATIONAL UNION, | ) |
| Defendant. | ) |

Plaintiff John D. Horton, appearing pro se and proceeding in forma pauperis, filed a complaint on March 5, 2009, in the United States District Court for the Eastern District of California in Sacramento. On August 5, 2009, that court ordered the matter transferred to this Court as venue is appropriate in Fresno. Plaintiff names the Service Employees International Union (SEIU) as Defendant.

**DISCUSSION**

**A.**   *Screening Standard*

Pursuant to Title 28 of the United States Code section 1915(e)(2), the Court must conduct an initial review of the complaint for sufficiency to state a claim. The Court must dismiss a complaint or portion thereof if the Court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While legal conclusions can provide a framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 129 S. Ct. at 1950.  While factual allegations are accepted as true, legal conclusion are not.  *Iqbal*, at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

**B.**     ***Plaintiff's Allegations***

Plaintiff contends that SEIU failed to adequately represent his interests in proceedings before the California State Personnel Board (SPB) following Plaintiff's June 2007 termination as a Senior Corrections Librarian at the Sierra Conservation Center State Prison in Jamestown, California. Plaintiff was allegedly terminated for failing to disclose termination from a probationary position in 1988, and for having received a traffic ticket in February 2007 in Sonora, California.   More particularly, Plaintiff asserts that he sought representation from SEIU for purposes of his appeal before the SPB, and that the SEIU expressly accepted Plaintiff's condition that he could only be contacted via email, rather than via United States mail or telephone.  Subsequently, the SPB scheduled a hearing in the matter, yet SEIU failed to contact

Plaintiff via email, instead it "wrongfully attempted to contact . . . [Plaintiff] . . . via the US Postal Service," and thus the matter was dismissed for Plaintiff's failure to appear at the hearing. Thereafter, SEIU apparently agreed to contact the SPB and ask that Plaintiff's matter be reopened, and further agreed to maintain contact with Plaintiff via email. Plaintiff contends SEIU has failed to communicate with him despite its agreement to provide continued assistance, and that his case before the SPB was allowed to "lapse." Plaintiff seeks damages of $140,000.00 and specific performance. (Doc. 1.)

    **C.**    *Analysis*

        **1.**    **Breach of Contract & Legal Malpractice**

Plaintiff complains that SEIU breached its contract with Plaintiff by failing to keep Plaintiff informed of the hearing date in the SPB matter and by failing to communicate with Plaintiff via email as expressly agreed.

Plaintiff makes an ambiguous claim that Defendant has breached a contract, yet Plaintiff fails to identify the contract purportedly breached. Nor has Plaintiff identified any deprivation of a federal constitutional or statutory right. A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted *and* the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

Plaintiff also asserts a cause of action for legal malpractice, on a *respondeat superior* theory, because SEIU's attorney did not properly notify Plaintiff of the hearing date and failed to continue to represent his interests by seeking to have SPB reopen the matter after it was dismissed for Plaintiff's failure to appear. Legal malpractice is a state law claim, for which "there exists no independent basis of federal jurisdiction." *See Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1457-58 (9th Cir. 1985).

//
//
//

3

Because Plaintiff's complaint fails to assert any deprivation of a federal constitutional right, nor does it reference any federal statute, and because Plaintiff expressly states that this Court's jurisdiction is based on diversity jurisdiction, this Court could assume Plaintiff intended to assert only state law causes of action.

### 2.     Diversity Jurisdiction

Title 28 of the United States Code section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - [¶] citizens of different States . . .." "Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988).

The citizenship of a union for diversity purposes is the citizenship of each of its members. *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 711 (9th Cir.1992); *see also Loss v. Blankenship*, 673 F.2d 942, 949 (7th Cir.1982); *United Steelworkers of Am., AFL-CIO v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965). The Supreme Court has held that a union's citizenship is that of each of its international members. *R.H. Bouligny*, 382 U.S. at 146.

Here, Plaintiff is a citizen of Oklahoma. He has indicated the amount in controversy exceeds $75,000, and in fact seeks damages of approximately $140,000. SEIU is an international labor organization. Plaintiff is cautioned that diversity for purposes of jurisdiction may be destroyed if any member of SEIU is also a citizen of Oklahoma. If diversity is lacking, and Plaintiff has alleged only state law claims, the Court would lack jurisdiction to hear the claims.

### 3.     Federal Claims

Because the Court is uncertain regarding the "contract" to which Plaintiff refers, Plaintiff will be given an opportunity to amend his complaint and cure its deficiencies.

If Plaintiff is referring to the collective bargaining agreement ("CBA") between his previous employer and the union, he should so state. Plaintiff is advised, generally, that when a union representing an employee in grievance/arbitration procedure acts in such a discriminatory, dishonest, arbitrary or perfunctory fashion as to breach its duty of fair representation, an

employee may bring suit against both employer and union, notwithstanding outcome or finality of any grievance or arbitration proceeding. *DelCostello v. International Broth. Of Teamsters*, 462 U.S. 151, 164-165 (1983). The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. *Id.*, at 164. Subdivision (a) of section 185 of Title 29 of the United States Code provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

"It is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Vaca v. Sipes*, 386 U.S. 171, 184-85 (1967). An action may proceed against an "employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Id.*, at 186.

To the extent Plaintiff intended to present a federal claim, and were he to amend his complaint accordingly, his remaining state law claim related to legal malpractice may be considered as a pendent claim. *See* 28 U.S.C. § 1367. That said, if Plaintiff amends his complaint to include a state law claim, he must indicate, with particularity, under which state law he will be proceeding. Plaintiff is advised that to state a claim for legal malpractice in California, one must show: (1) the duty of the attorney to use such skill, prudence and diligence as members of the profession commonly possess; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage. *Budd v. Nixen*, 6 Cal.3d 195, 200, 98 Cal.Rptr. 849, 491 P.2d 433 (1971), *superceded in irrelevant part by* Cal. Civ. Proc. Code § 340.6.

Oklahoma recognizes a claim for relief for legal malpractice and a plaintiff must prove four elements to prevail: (1) there was an attorney-client relationship; (2) the attorney breached a duty to the client; (3) the attorney's actions proximately caused an injury to the client; and (4) the

client suffered damages as a result of the attorney's actions. *Kimble v. Arney*, 90 P.3d 598, 602 (Okla. Civ. App. 2004).

## CONCLUSION

For the above reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.

Plaintiff is cautioned that an amended complaint supercedes the original complaint (*Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)), and must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated: **September 4, 2009**        /s/ **Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE