1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN D. HORTON, | ) 1:09-cv-01364 OWW GSA |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DISMISSAL OF THE CASE |
| v. | ) FOR FAILURE TO OBEY COURT ORDER |
| SERVICE EMPLOYEES<br>INTERNATIONAL UNION, | ) (Document 5) |
| Defendant. | ) |

Plaintiff John D. Horton, appearing pro se and proceeding in forma pauperis, filed a complaint on March 5, 2009, seeking to challenge the Service Employees International Union (SEIU)'s representation of his interests in an administrative proceeding before the California State Personnel Board, concerning his employment with the State of California.  (Doc. 1.)  On September 4, 2009, this Court issued an Order Dismissing the Complaint with Leave to Amend, finding Plaintiff had failed to state cognizable claims.  Plaintiff was provided thirty (30) days within which to file his amended complaint.  (Doc. 5.)   More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

power to control their dockets and "in the exercise of that power, they may impose sanctions

including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

*See*, *e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-

41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to

keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

(dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

(9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local

rules).  In determining whether to dismiss an action for lack of prosecution, failure to obey a

court order, or failure to comply with local rules, the Court must consider several factors: (1) the

public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831;

*Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61;

*Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this

litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case

has been pending since March 5, 2009.  The third factor, risk of prejudice to defendants, also

weighs in favor of dismissal, since a presumption of injury arises from the occurrence of

unreasonable delay in prosecuting an action.  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.

1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly

outweighed by the factors in favor of dismissal discussed herein.

Finally, a court's warning to a party that his failure to obey the Court's order will result in

dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d

at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring

1    Plaintiff to amend his complaint expressly stated: "If Plaintiff fails to file a first amended

2    complaint, the Court will recommend that this action be dismissed for failure to follow a court

3    order." (Doc. 5 at 6.)  Thus, Plaintiff had adequate warning that dismissal would result from his

4    noncompliance with the Court's order.

5         Accordingly, the Court RECOMMENDS that this action be dismissed without prejudice

6    based on Plaintiff's failure to obey the Court's order of September 4, 2009.

7         These findings and recommendations are submitted to Oliver W. Wanger, United States

8    District Judge, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).

9    Within thirty (30) days after being served with these findings and recommendations, Plaintiff

10   may file written objections with the Court.  Such a document should be captioned "Objections to

11   Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

12   objections within the specified time may waive the right to appeal the District Court's order.

13   *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14

15

16

17      IT IS SO ORDERED.

18   **Dated:**   **October 8, 2009**                    **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28